## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**CHOON'S DESIGN LLC**,
a Michigan limited liability company,

      Plaintiff

                           Case No.:

v.

**LAROSE INDUSTRIES, LLC**,
a New Jersey limited liability company, and
**TOYS "R" US, INC**,
a New Jersey corporation.

      Defendants
_____

## COMPLAINT & JURY DEMAND

NOW COMES Plaintiff Choon's Design LLC ("Choon"), by and through its attorneys, Carlson, Gaskey & Olds, P.C., and for its Complaint against Defendants LaRose Industries, LLC ("LaRose") and Toys "R" Us, Inc ("Toys"R"Us) (collectively "Defendants") states as follows:

### PARTIES

1.      Choon is a Michigan limited liability company having its primary place of business at 48813 West Road, Wixom, MI 48393.

2.      LaRose is a New Jersey limited liability company with its primary place of business at Building 5, 1578 Sussex Turnpike, Randolph New Jersey, 07869.

3.      Toys"R"Us is a corporation with its primary place of business at One Geoffrey Way, Wayne, New Jersey 07470.

### JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §1331 (federal question), §1332 (diversity), and §1338 (patents).

5.      LaRose and Toys"R"Us are subject to personal jurisdiction in this Court. In particular, this Court has personal jurisdiction over LaRose and Toys"R"Us because LaRose and Toys"R"Us have engaged in continuous, systematic and substantial activities within this judicial district, including the marketing and sales of products in this judicial district. Furthermore, upon information and belief, this Court has personal jurisdiction over LaRose and Toys"R"Us in this case because LaRose and Toys"R"Us have committed acts giving rise to Choon's claims within and directed to this judicial district.

6.      Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) and (c) and 28 U.S.C. §1400(b).

## BACKGROUND

7.      In late 2011, Choon introduced its Rainbow Loom product – a loom designed to be used with rubber bands to form links for making bracelets, necklaces, and even bags and other items – to the market ("the Rainbow Loom").

8.      Choon introduced the Rainbow Loom by selectively placing it in specialty toy and craft stores. Choon did not initially sell the product to any retail chains – although it does now.

9.      Notwithstanding, the Rainbow Loom product was, from the get go, received with great fanfare and accomplished almost immediate and monumental success – even without any relationships with retail chains.

10.     The Today show featured Choon's Rainbow Loom as the "Summer's hottest craft craze" in a story aired August 15, 2013.

11.     In an article dated July 19, 2013 (attached as **Exhibit A**), one store owner noted "[w]e are selling the Rainbow Loom like crazy!" The article further notes that the Rainbow Loom is "[t]he summer obsession … [and] … is flying off shelves so quickly that stores can't

2

keep them in stock for long." *Id.* The popularity of the Rainbow Loom has "'spread like wildfire throughout the country,' especially with kids 5 to 15." *Id.*

12.     Since its introduction into the market, Choon has sold more than one million Rainbow Looms.  Of course, Choon has also sold large volumes of other complementary products that are used with the Rainbow Loom such as rubber bands and c-clips (which are used to hold the two ends of a necklace or bracelet together).  This tremendous success has led to numerous copycats trying to capitalize on Choon's hard work.

13.     After taking note of Choon's great success, LaRose and Toys"R"Us, decided to take action, producing and selling their own loom kit, the cra-Z-loom bracelet maker, that includes a loom, rubber bands, and clips, among other things.  LaRose and Toys"R"Us also sell the rubber bands separately (**Exhibit B**.)

14.     LaRose and Toys"R"Us sell its cra-Z-loom through various channels, including Toys"R"Us's website.

15.     LaRose sells the cra-Z-loom to Toys"R"Us who then sells it and replacement bands and clips through its website www.toysrus.com.

16.     LaRose adverstises the cra-Z-loom through its Cra-Z-Art brand through television commercials and internet sites as being available only at Toys"R"Us.

17.     Choon owns a U.S. Patent that covers its Rainbow Loom.

18.     Specifically, on July 16, 2013, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 8,485,565 ("the '565 patent"), entitled "Brunnian Link Making Device and Kit."  A true and correct copy of the '565 patent is attached hereto as **Exhibit C**.

19.     The '565 patent names Cheong Choon Ng as inventor.

20.    Choon is the owner by assignment of all right, title and interest in the '565 patent.

21.    The '565 patent generally relates to, *inter alia*, a novel method and device for creating a linked item.

22.    LaRose and Toys"R"Us's cra-Z-loom infringes one or more of the claims of Choon's '565 patent.

## COUNT I - LAROSE AND TOYS"R"US'S DIRECT INFRINGEMENT OF THE '565 PATENT

23.    Choon incorporates and re-alleges Paragraphs 1 through 22 as each were fully set forth herein.

24.    The '565 patent remains valid, enforceable and unexpired.

25.    Upon information and belief, LaRose and Toys"R"Us are directly infringing and have directly infringed the '565 patent, including, without limitation, by making, using, selling, offering for sale, and/or importing, without license or authority, its cra-Z-loom which is covered by the '565 patent.

26.    The cra-Z-loom falls within the scope of one or more claims of the '565 patent. Upon information and belief, LaRose and Toys"R"Us directly infringes at least claims 1 and 6-18 of the '565 patent.

27.    Upon information and belief, LaRose and Toys"R"Us's have actual knowledge of the '565 patent and knowledge of their infringement of the '565 patent. Toys"R"Us has this knowledge by virtue of at least its receipt of an email from Choon communicating grant of the '565 patent to a representative of Toys"R"Us, Jeff Osnato on July 26, 2013 (**Exhibit D**).  Upon information and belief, this information was then conveyed by Toys"R"Us to LaRose.  Upon information and belief, LaRose and Toys"R"Us's infringement has been and continues to be willful and deliberate.

4

28.     As a result of LaRose and Toys"R"Us's infringement, Choon will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and has suffered substantial damages.

## COUNT II – LAROSE AND TOYS"R"US'S CONTRIBUTORY INFRINGEMENT OF THE '565 PATENT

29.     Choon incorporates and re-alleges Paragraphs 1 through 28 as each were fully set forth herein.

30.     As described in Count I, the cra-Z-loom and the use of the cra-Z-loom fall within the scope of at least claims 1 and 6-18 of the '565 patent.

31.     Upon information and belief, with knowledge of the '565 patent, LaRose and Toys"R"Us have contributed to and continue to contribute to the infringement of the '565 patent under 35 U.S.C. § 271(c) by selling, offering to sell and/or importing the cra-Z-loom for use by their customers.  LaRose and Toys"R"Us's customers directly infringe the '565 patent by using the Cra-Z-loom to create linked items from elastic bands.

32.     Upon information and belief, the cra-Z-loom is marketed and sold to customers who use it to create linked items for elastic bands.  By following the instructions provided by LaRose and Toys"R"Us, customers who use the cra-Z-loom directly infringe the '565 patent.

33.     Upon information and belief, LaRose and Toys"R"Us's cra-Z-loom have no substantial non-infringing use for at least the reason that the cra-Z-loom can only be used to directly infringe the '565 patent.  In other words, when LaRose and Toys"R"Us's instructions are followed, the cra-Z-loom is only used in an infringing manner, and is only advertised by LaRose and Toys"R"Us for such an infringing use.  See Instruction Manual attached as **Exhibit E**.

34.     Upon information and belief, the accused Cra-Z-loom also constitutes a material part of the invention of the '565 patent for at least the reason it is the very product used to practice the invention of the '565 patent.

35.     Upon information and belief, LaRose and Toys"R"Us know that the accused Cra-Z-loom is especially made or especially adapted for use in an infringement of the '565 patent for at least the reason that the Cra-Z-loom is advertised, sold, and/or offered for sale only to create linked items from elastic bands in a manner covered by the '565 patent.

36.     Upon information and belief, LaRose and Toys"R"Us have actual and/or constructive knowledge of the '565 patent and that LaRose and Toys"R"Us's customers' use of the accused Cra-Z-loom directly infringes the claims of the '565 patent. Toys"R"Us has this knowledge by virtue of at least its receipt of an email from Choon communicating grant of the '565 patent to a representative of Toys"R"Us, Jeff Osnato on July 26, 2013 (**Exhibit D**).  Upon information and belief, this information was then conveyed by Toys"R"Us to LaRose.Upon information and belief, at the very least, LaRose and Toys"R"Us were willfully blind as to the existence of the '565 patent, and therefore willfully blinded themselves to its customers' direct infringement of the '565 patent resulting from their use of the Cra-Z-loom.

37.     As a result of LaRose and Toys"R"Us's contributory infringement, Choon will suffer severe and irreparable harm, unless the infringement is enjoined by this Court, and has suffered substantial damages.

## COUNT III – LAROSE AND TOYS"R"US'S
## INDUCED INFRINGEMENT OF THE '565 PATENT

38.     Choon incorporates and re-alleges Paragraphs 1 through 37 as each were fully set forth herein.

39.    Upon information and belief, with knowledge of the '565 patent, LaRose and Toys"R"Us have induced to and continue to induce to the infringement of the '565 patent under 35 U.S.C. § 271(b) by selling, offering to sell and/or importing the Cra-Z-loom and its replacement rubber bands for use by their customers.  LaRose and Toys"R"Us's customers directly infringe by using the Cra-Z-loom and the replacement rubber bands to create linked items.

40.    LaRose and Toys"R"Us specifically intended their customers to infringe at least claims 1 and 6-18 of the '565 patent and knew that their customers' acts constituted infringement.  Upon information and belief, despite a high likelihood that its actions would induce its customers' direct infringement of the '565 patent, LaRose and Toys"R"Us marketed and sold the Cra-Z-loom and replacement rubber bands to their customers to practice the claimed invention.  LaRose and Toys"R"Us's customers directly infringe the '565 patent by creating linked articles from elastic bands by following the instructions provided with the Cra-Z-loom Bracelet Kits and on LaRose and Toys"R"Us's website.

41.    With regards to the rubber bands, LaRose and Toys"R"Us induced people to infringe claims 6-18 of the '565 patent by selling their rubber bands for use on its Cra-Z-loom.

42.    Upon information and belief, LaRose and Toys"R"Us knew that their customers' actions, when performed, would directly infringe the '565 patent.

43.    Upon information and belief, LaRose and Toys"R"Us have not made any changes to the Cra-Z-loom despite their knowledge of the '565 patent.

44.    Upon information and belief, LaRose and Toys"R"Us have not made any changes to any of its publically available instructional materials, despite their knowledge of the '565 patent.

45.     Upon information and belief, despite having actual knowledge of the '565 patent, LaRose and Toys"R"Us continue to actively induce infringement of the '565 patent by continuing to promote the infringing Cra-Z-loom and replacement rubber bands.  LaRose and Toys"R"Us intended their customers to directly infringe the '565 patent, or at the very least, were willfully blind to the fact that LaRose and Toys"R"Us's customers' use of the infringing Cra-Z-loom and replacement rubber bands would directly infringe the '565 patent.

46.     Upon information and belief, LaRose and Toys"R"Us have actual knowledge of the '565 patent. Toys"R"Us has this knowledge by virtue of at least its receipt of an email from Choon communicating grant of the '565 patent to a representative of Toys"R"Us, Jeff Osnato on July 26, 2013 (**Exhibit D**).  Upon information and belief, this information was then conveyed by Toys"R"Us to LaRose.

47.     As a result of LaRose and Toys"R"Us's inducement of infringement, Choon will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and has suffered substantial damages.

## PRAYER FOR RELIEF

WHEREFORE, Choon requests judgment in its favor against LaRose and Toys"R"Us for the following relief:

A.     An order adjudging that LaRose and Toys"R"Us have infringed the '565 patent;

B.     An order adjudging LaRose and Toys"R"Us to have willfully infringed the '565 patent;

C.     A preliminary and permanent injunction enjoining LaRose and Toys"R"Us, its officers, directors, agents, servants, employees and those persons in active concert

8

or participation with LaRose and Toys"R"Us, from directly or indirectly infringing the '565 patent in violation of 35 U.S.C. §271;

D.     An award of damages adequate to compensate Choon for LaRose's and Toys"R"Us's infringement of the '565 patent;

E.     An award of damages adequate to compensate Choon for infringement including those damages provided for in 35 U.S.C. §154(d);

F.     An order for a trebling of damages and/or exemplary damages because of LaRose's and Toys"R"Us's willful infringement pursuant to 35 U.S.C. §284;

G.     An order adjudging that this is an exceptional case;

H.     An award to Choon of its attorney fees and its costs and expenses incurred in connection with this action pursuant to 35 U.S.C. §285; and

I.     Such other and further relief that this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed R. Civ. P. 38(b) and 5(d), Plaintiff demands a trial by jury for all issues so triable.


Dated:  August 19, 2013           CARLSON, GASKEY & OLDS, P.C.

                                  /s/ Brian S. Tobin
                                  Theodore W. Olds, III (P42004)
                                  John M. Siragusa (P62573)
                                  Brian S. Tobin (P67621)
                                  Carlson Gaskey & Olds, P.C.
                                  400 W. Maple, Suite 350
                                  Birmingham, Michigan  48009
                                  Telephone:  (248) 988-8360
                                  Facsimile:  (248) 988-8363
                                  Email: tolds@cgolaw.com
                                         jsiragusa@cgolaw.com
                                         btobin@cgolaw.com

9