UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHOON'S DESIGN, LLC,

    Plaintiff,

v.                                                                    Case No. 13-13569

LAROSE INDUSTRIES, LLC,                         HON. TERRENCE G. BERG
AND TOYS "R" US, LLC,                              HON. MONA K. MAJZOUB

    Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS'
MOTION TO TRANSFER VENUE (DKT. 12)**

This is a patent infringement case. Before the Court is Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a), filed on September 11, 2013 (Dkt. 12). Plaintiff responded in opposition on September 30, 2013 (Dkt. 14), Defendants filed a reply on October 10, 2013 (Dkt. 15), and the Court held oral argument on October 16, 2013.

For the following reasons, Defendants' motion to transfer venue is **DENIED**.

### I. BACKGROUND

On August 19, 2013, Plaintiff filed the instant action against the Defendants, alleging direct, contributory, and induced infringement of U.S. Patent No. 8,485,565 (the "'565 Patent"). The underlying products at issue are toy "looms," designed to be used with colored rubber bands to form links for making bracelets, necklaces and other craft items (Dkt. 1 ¶ 7). Plaintiff claims that it invented, and patented, the "Rainbow Loom," that it sells through specialty toy and craft stores

(Dkt. 1 ¶ 8). Plaintiff alleges that Defendant LaRose then created a competing product (which allegedly infringes the '565 Patent) called the "cra-Z-loom," which is sold by Defendant Toys "R" Us (Dk. 1 ¶ 13-16).

On August 28, 2013 (eight days after being served with the Summons and Complaint in this case; Dkt. 6), Defendant LaRose filed a complaint in the United States District Court for the District of New Jersey, Case No. 13-05172 (assigned to the Hon. Claire C. Cecchi), naming Plaintiff (Choon's Design) as the defendant (the "New Jersey Action"). The New Jersey Action sought a declaratory judgment that Defendant LaRose had not infringed the '565 Patent, and also alleged tortious interference of contract against Plaintiff Choon's Design, concerning the contract between Defendants LaRose and Toys "R" Us.

## II.  LEGAL STANDARD

Defendants move to transfer this action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). A district court may, "[f]or the convenience of parties and witnesses, in the interest of justice ... transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). District courts have "broad discretion" in determining whether to transfer a case pursuant to § 1404(a). *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009); *see Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955) (stating that the "discretion to be exercised [by courts] is broader" under § 1404(a) than under the doctrine of forum non conveniens). Analysis under § 1404(a) is intended to be

2

flexible and individualized. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29–30 (1988).

In determining whether to transfer a case under § 1404(a), a court must first find that the civil action could have been brought in the requested transferee district. *See* 28 U.S.C. § 1404(a); *Reese*, 574 F.3d at 320. Plaintiff conceded during the hearing on Defendants' motion that this action could have been brought in New Jersey. Once the court has determined that the case could have been brought in the requested transferee district, the court then determines whether party and witness "convenience" and "the interest of justice" favor transfer to that district. *See Reese*, 574 F.3d at 320; *Esperson v. Trugreen Ltd.*, 10-02130, 2010 WL 4362794 *5 (W.D. Tenn. Oct. 5, 2010) report and recommendation adopted in 2010 WL 4337823 (W.D. Tenn. Oct. 27, 2010)).

While there is a strong presumption in favor of the plaintiff's choice of forum under the doctrine of forum non conveniens, under § 1404(a) a plaintiff's choice of forum may be considered, but is entitled to less deference. *See Norwood*, 349 U.S. at 32; *Lemon v. Druffel*, 253 F.2d 680, 685 (6th Cir. 1958) ("The choice of the forum by the petitioner is no longer as dominant a factor as it was prior to the ruling in *Norwood v. Kirkpatrick*"); *Esperson*, 2010 WL 4362794 *5-6. As a result, Defendants' burden is to demonstrate, by a preponderance of the evidence, that a change of venue to the transferee district is warranted under § 1404(a). *See Eaton v. Meathe*, 11-178, 2011 WL 1898238 *2 (W.D. Mich. May 18, 2011); *Amphion, Inc. v. Buckeye Elec. Co.*, 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003); *Roberts Metals,*

*Inc. v. Fla. Props. Mktg. Grp., Inc.*, 138 F.R.D. 89, 93 (N.D. Ohio 1991), aff'd per curiam, 22 F.3d 1104 (6th Cir. 1994). "Merely shifting the inconvenience from one party to another does not meet [the] [d]efendant's burden." *McFadgon v. Fresh Mkt., Inc.*, 05-2151, 2005 WL 3879037 *2 (W.D. Tenn. Oct. 21, 2005). If the court determines that the "balance between the plaintiff's choice of forum and defendant's desired forum is even, the plaintiff's choice…should prevail." *Stewart v. Am. Eagle Airlines, Inc.*, 10-00494, 2010 WL 4537039 *2 (M.D. Tenn. Nov. 3, 2010).

### III. ANALYSIS

**A. Statutory Factors Under § 1404(a)**

*1. Convenience of Parties and Witnesses and Access to Proofs*

Defendants claim that "[a]ll of the most knowledgeable witnesses concerning the allegedly infringing conduct work and reside in New Jersey" (Dkt. 12 at 4; Ex. 1, Decl. of Defendant LaRose's CEO; Ex. 2, Decl. of "Associate Buyer" of Defendant Toys "R" Us). Defendants have not raised any issues regarding the convenience of potential non-party witnesses. Plaintiff responds that it has 10 employees (all located in Michigan), 4 of whom Plaintiff intends to use as witnesses (Dkt. 14 at 10). The Court finds that this factor does not weigh heavily in favor of either party. If this case is transferred to New Jersey, then the litigation would be more convenient for Defendants and their witnesses. However, a transfer to New Jersey would create inconveniences to Plaintiff and its witnesses.

4

This case, unlike several of the cases discussed below, does not present a situation where both parties are litigating away from their home-base, and the Court is called on to decide who is more inconvenienced.  In this case, a party from Michigan has brought suit in the Eastern District of Michigan against parties from New Jersey.  Weighing the relative inconveniences that each side will experience in either forum, the Court finds that Defendants have not shown, by a preponderance of the evidence, that it would be more convenient for *all* the witnesses (both Plaintiff's and Defendants') to litigate this action in New Jersey, as opposed to in Michigan.  It is more accurate to say that party witnesses from both sides would experience roughly equal inconvenience from litigating in the other party's chosen forum.  If the "balance between the plaintiff's choice of forum and defendant's desired forum is even, the plaintiff's choice…should prevail." *Stewart v. Am. Eagle Airlines, Inc.*, No. 10-00494, 2010 WL 4537039 *2 (M.D. Tenn. Nov. 3, 2010).

Defendants rely on *Tuna Processors, Inc. v. Hawaii Int'l Seafood, Inc.*, 408 F. Supp. 2d 358, 362 (E.D. Mich. 2005), a case from this District, which stated: "[a]s a general rule, the preferred forum is that which is the center of the accused activity," Defendants aver that the center of the accused activity in this case (the alleged infringement) is New Jersey, which is where both Defendants are headquartered. *Tuna Processors* was a patent infringement case, transferred from this District to the District of Hawaii, but the surrounding facts in that case militated much more heavily in favor of transfer than in this case.  In *Tuna Processors*, the plaintiff was a holding company (with its principal place of business in California), organized to

5

own and administer the patent at issue for several Filipino tuna processors and the patent inventor. The defendant was a tuna processing company, with its principal place of business in Hawaii. Moreover, patent litigation between various related entities was ongoing in Hawaii, before the case in this District was filed. The plaintiff in *Tuna Processors* had "very little connection to Michigan," with its key witnesses residing in California and Asia, while the defendant's key witnesses resided in Hawaii. The only witnesses with any connection to Michigan were the defendant's sales personnel from a "small mainland office in Rochester, Michigan." *Id*. at 361. *Tuna Processors* is readily distinguishable from the present case, in which Plaintiff's operations are located in this District, and the only litigation in the other forum was initiated after this case was filed, and the injury arising from the alleged patent infringement is occurring in this District.

Defendants also quote *In re Genentech,* a Federal Circuit case, which stated "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). However, in *In re Genentech*, the defendants were headquartered California and the plaintiff (Sanofi) was a German company. The plaintiff brought suit in the United States District Court for the Eastern District of Texas, a venue "which indisputably ha[d] no connection to any of the witnesses or evidence relevant to the cause of action." *Id*. at 1340-1341. In a case where neither party is located in the forum district, the location of the bulk of

6

documents is a relevant factor to be weighed in determining proper venue.  *In re Genentech* is materially different from the facts presented in this case because this District *does* have a connection to the witnesses and the evidence relevant to the cause of action.  Accepting Defendants' position would seem to require the transfer of every patent infringement action from the district of the victim to the district where the defendant is located, a patently absurd result.  Here, Plaintiff is from Michigan and thus there is clearly a connection to this District.  Plaintiff did not arbitrarily choose a venue for its action; this District was selected because it is where Plaintiff is located.

Defendants also contend that "Defendants' documents and other potentially relevant physical evidence are stored in New Jersey at their respective headquarters" and then summarily concludes that "[t]hus, this factor also weighs strongly in favor of a transfer to New Jersey" (Dkt. 12 at 4).  It is unclear to what "potentially relevant physical evidence" Defendants are referring.  If Defendant is referring to the allegedly infringing "cra-Z-loom" product, that product appears to be sold nationwide, through the website of Defendant Toys "R" Us,[1] and at the approximately 17 Toys "R" Us stores located in this District.[2]  As to Defendants' "documents," while "the location of physical evidence such as the wreckage of a crashed plane ought to be given more weight in the balancing analysis under § 1404(a)," "the location of documentary evidence is a minor consideration." *U.S. v.*

---

[1] *See* http://www.toysrus.com/product/index.jsp?productId=21910726&cp=2255956.3209580.23862116&parentPage=family (last visited October 30, 2013).

[2] *See* http://www.toysrus.com/storeLocator (last visited October 30, 2013).

7

*Cinemark*, 66 F.Supp.2d 881, 890 (S.D. Ohio 1999) (quoting *Picker Intern., Inc. v. Travelers Indem. Co.*, 35 F.Supp.2d 570, 574 (N.D. Ohio 1998)). As a result, the Court finds that Defendants have not shown that the presence of some vital evidence in New Jersey compels the transfer of this action.

### *2. Interests of Justice*

Finally, Defendant claims that the interests of justice favor a transfer to New Jersey, since Defendant LaRose's declaratory judgment is already pending in New Jersey. Defendants further stated that they were "unaware of any other applicable public-interest factors…" (Dkt. 12 at 6). The fact that Defendant LaRose filed a declaratory judgment action concerning the '565 Patent in New Jersey – after being sued in this Court – does not somehow tip the "interests of justice" in Defendants' favor. If this were the case, any patent infringement defendant, upon being sued, could immediately file a declaratory judgment action in some other preferred forum and then argue that "justice" requires transferring venue to that district. The Court acknowledges that Defendant LaRose brought an additional claim in the New Jersey Action (tortious interference of contract) that is not present in this case. However, there is nothing preventing Defendant LaRose from asserting that claim in this Court as an additional counterclaim against Plaintiff, or from continuing to pursue that claim in New Jersey.

## B. Balance of the Statutory Factors

While the Court recognizes that it is more convenient for Defendants to litigate this patent infringement action in New Jersey, balancing all the statutory factors in this case, the Court finds that the Defendants have failed to demonstrate, by a preponderance of the evidence, that the factors weigh in favor of transfer to New Jersey. Transferring this case to New Jersey would simply result in the shifting of inconvenience from Defendants to Plaintiff. "Merely shifting the inconvenience from one party to another does not meet [the] [d]efendant's burden." *McFadgon v. Fresh Mkt., Inc.*, 05–2151, 2005 WL 3879037 *2 (W.D. Tenn. Oct. 21, 2005). In this case, the Court finds that, because Plaintiff chose a forum where it is strongly connected, and the convenience analysis does not tip heavily in favor of either party, granting a transfer of venue would merely "shift the inconvenience from one party to another."

Additionally, Plaintiff's choice of forum is entitled to some deference. *See Audi AG & Volkswagon of Am., Inc. v. D'Amato*, 341 F. Supp. 2d 734, 750 (E.D. Mich. 2004). Here, Plaintiff has made a rational choice to bring this action in this District. The Court holds that Defendants fail to meet their burden of showing that "fairness and practicality strongly favor the forum to which transfer is sought." *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001). Accordingly, transfer pursuant to 28 U.S.C. § 1404(a) is not warranted in this case.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to transfer venue (Dkt. 12) is **DENIED**.

**SO ORDERED.**

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated: November 1, 2013

### Certificate of Service

I hereby certify that this Order was electronically submitted on November 1, 2013, using the CM/ECF system, which will send notification to each party.

s/A. Chubb<br>
Case Manager